**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4751**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BENITO NINO-MELENDEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:15-cr-00047-D-1)

Submitted: September 22, 2016    Decided: September 28, 2016

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benito Nino-Melendez appeals his sentence of 46 months' imprisonment imposed after he pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Nino-Melendez argues that this sentence is substantively unreasonable because the sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2015) was based on a decade-old conviction and that he is no longer addicted to drugs and has had no involvement in drug trafficking since that conviction. Nino-Melendez also argues that § 2L1.2(b)(1)(A)(i) is inherently unreasonable because it provides a very large enhancement without any reasonable basis related to the instant reentry offence, and that this enhancement creates an unwarranted sentence disparity. We affirm.

When, as here, a defendant does not challenge the procedural reasonableness of his sentence, the court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," considering "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. "Any sentence that is within or below a properly calculated

2

Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). We have reviewed the record and Nino-Melendez's arguments and conclude that Nino-Melendez has failed to rebut this presumption.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED